IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **PASADENA BOAT WORKS, LLC,** | * | |
| Plaintiff, | * | |
| v. | * | |
| | | CIVIL NO. JKB-20-1414 |
| **CAROLINA SKIFF, LLC,** | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM

Plaintiff Pasadena Boat Works, LLC ("PBW"), sued Defendant Carolina Skiff, LLC ("Carolina Skiff") for breach of contract, breach of express and implied warranty, fraudulent misrepresentation, and negligent misrepresentation in relation to Defendant's sale to Plaintiff of 45 "Liner Series" boats. Now pending before the Court is Defendant's Renewed Motion to Dismiss. (ECF No. 23.) The motion is fully briefed and no hearing is required. *See* Local Rule 105.6 (D. Md. 2018). For the reasons set forth below, the motion to dismiss will be granted without prejudice as to the fraudulent misrepresentation claim but denied as to the other claims.

### I. Background

According to the allegations in the Amended Complaint, Plaintiff is a Maryland limited liability company that "operates a full-service marina focused primarily on the sale and servicing of recreational boats." (Am. Compl. ¶ 1, ECF No. 15.) Defendant is a New York limited liability company and "national boat manufacturer." (*Id.* ¶ 2.) In 2019, Defendant developed a new "Liner Series" of boats. (*Id.* ¶ 9.) Defendant "expressly represented to PBW and the boating public" that these new boats were:

> self-bailing, so when water gets onto the deck during fishing and boating adventures, it automatically drains overboard. The self-bailing design utilizes gravity to pull any water toward strategically placed drainage points – keeping everyone onboard dryer all day long.

(*Id.* ¶ 11.) Defendant also represented that its boats were "certified by the National Marine Manufacturer's Association ["NMMA"] adhering to the highest quality standards in the U.S. marine industry." (*Id.* ¶ 8.)

At a dealer meeting in June of 2019, Plaintiff ordered 45 Liner Series boats. (*Id.* ¶ 15.) Plaintiff did so without first testing the boats, in order to secure an expiring deal. (*Id.*) Five of the boats were delivered in September of 2019 bearing NMMA certification stickers, and Plaintiff expended resources to display and market them. (*Id.* ¶¶ 16–17, 37.) After selling the first of the Liner Series boats, Plaintiff received a complaint from the purchaser that his boat did not self-bail. (*Id.* ¶ 18.) Plaintiff alleges that its representatives later "conducted a sea trial" of another of the Liner Series boats and personally observed that "water began filling the deck of the boat and getting the passengers' feet wet." (*Id.* ¶ 20.) Plaintiff alleges that its representatives subsequently conducted a video-recorded test of one of the boats. (*Id.* ¶¶ 33–34.) Plaintiff alleges they submitted the video to the American Boat and Yacht Council ("ABYC"), and the ABYC confirmed that the boat did not "comply with self-draining requirements" that the ABYC considered necessary for a boat to be classified as "self-bailing." (*Id.*)

Plaintiff contacted Defendant and attempted to convince Defendant to either fix the boats or accept the return of the boats and compensate Plaintiff for associated expenses. (*Id.* ¶¶ 21–39.) Defendant responded that the boats were indeed self-bailing, and declined to reimburse Plaintiff. (*Id.*) Plaintiff then brought this lawsuit in the Circuit Court for Anne Arundel County in April of 2020. (ECF No. 2.)

Defendant removed the case to this Court (ECF No. 1), then moved to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure (ECF Nos. 9, 10).  Defendant also answered the Complaint and brought its own counterclaims for defamation, tortious interference, and breach of contract.  (ECF No. 11.)  Plaintiff then filed an Amended Complaint (ECF No. 15), which rendered moot the first motion to dismiss (*see* ECF No. 24).  Defendant renewed its motion to dismiss, arguing that even following amendment, Plaintiff had still failed to state a claim.  (ECF No. 23.)

## II.    *Legal Standards*

"In considering a motion to dismiss" pursuant to Rule 12(b)(6), the Court must "accept as true all well-pleaded allegations and view the complaint in the light most favorable to the plaintiff." *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005).  To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  "A pleading that offers 'labels and conclusions' or . . . 'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice.  *Id*.  (alteration in original) (quoting *Twombly*, 550 U.S. at 555, 557).

Under Rule 8(a)(2), to state a claim for breach of contract, breach of warranty, or negligent misrepresentation, a plaintiff need only plead "a short and plain statement of the claim" that satisfies the plausibility standard.  To state a claim for fraudulent misrepresentation, a plaintiff must do more.  Under Rule 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  The "circumstances constituting fraud or mistake" include "the time, place, and contents of the false representations, as well as the

3

identity of the person making the misrepresentation and what he obtained thereby." *Weidman v. Exxon Mobil Corp.*, 776 F.3d 214, 219 (4th Cir. 2015) (quoting *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999)).

### III.    Analysis

Defendant's motion will be granted as to Plaintiff's fraudulent misrepresentation claim but denied as to Plaintiff's other claims. Plaintiff has plausibly alleged facts supporting its claims of breach of contract, breach of express and implied warranty, and negligent misrepresentation under the Rule 8(a)(2) standard. However, Plaintiff has failed to plausibly allege its fraud claim with the detail required under the Rule 9(b) standard.

#### A. *Breach of Contract, Breach of Warranty, and Negligent Misrepresentation*

Dismissal will be denied as to the breach of contract, breach of warranty, and negligent misrepresentation claims because Plaintiff has plausibly alleged that Defendant represented its boats were self-bailing and certified by the NMMA, but that the boats Defendant delivered were not actually self-bailing or certified by the NMMA. In its briefing, Defendant pays little attention to the legal elements of Plaintiff's breach of contract, breach of warranty, and negligent misrepresentation claims.[1] Rather, Defendant focuses on the core factual allegation underlying each of these claims—that the boats it marketed to Plaintiff as self-bailing were not actually self-bailing—and argues that Plaintiff has failed to plausibly allege this asserted fact. (*See* First Mot. Mem. Supp. at 1, ECF No. 10; Second Mot. Mem. Supp. at 6, ECF No. 23.) Defendant primarily argues that "self-bailing" is a technical term with a specific meaning in the boating industry and that Plaintiff has failed to plausibly allege that Defendant's boats do not meet industry specifications for classification as "self-bailing."

---

[1] Accordingly, the Court will assume without deciding that Plaintiff has alleged the necessary elements of each distinct claim for the purposes of the pending motion and refrain from testing arguments not raised by Defendant.

This argument fails because Defendant demands more of Plaintiff than the Rules require at this stage. Plaintiff has plausibly alleged both that the boats they received from Defendant did not bail themselves in the way Defendant represented they would, and that upon testing, the boats did not meet the technical ABYC standards for "self-bailing" boats. The issues of how exactly Defendant's alleged representations that the boats were "self-bailing" should have been understood and whether Plaintiff properly conducted their testing of the boats are factual disputes upon which Defendant may well be able to prevail. But these disputes are not ripe for resolution at this early stage.[2] Plaintiff has plausibly alleged facts demonstrating that Defendant promised Plaintiff NMMA certified boats that would self-bail and delivered uncertified boats which did not perform as advertised, and the Rules do not require the additional factual detail demanded by Defendant.

Defendant argues in the alternative that Plaintiff's claims should be dismissed because "[i]t is simply implausible that, if the Liner Series was truly not-self bailing . . . Carolina Skiff would continue to market and sell that line of skiffs and thus risk its more than 30 year reputation of designing and manufacturing [excellent boats]." (First Mot. Mem. Supp. at 14–16; *see also* Second Mot. Mem. Supp. at 9.) Defendant asserts that it is much more likely that Plaintiff is confused or cynically motivated, and argues that the Court can rule against Plaintiff on the basis of such speculation. (*Id.*) If adopted, Defendant's argument would reshape the legal landscape by redefining the plausibility standard to empower a district court to dismiss any claim against an established corporate defendant on the grounds that it seems unlikely such a Defendant would endanger its reputation. That is not the law, and such speculation is not a ground for dismissal.

---

[2] Though Defendant submitted certifications which it claims resolve this factual dispute in its favor (*see* First Mot. Exs. 2–7, ECF No. 10-1), these documents are not properly before the Court at the motion to dismiss phase, and the Court finds it would be inappropriate to convert Defendant's motion to one for summary judgment given the procedural posture and the undeveloped state of the record. At any rate, these certifications are not decisive of themselves, and Plaintiff is entitled to the opportunity to interrogate Defendant's proof and submit its own expert evidence.

The breach of contract, breach of warranty, and negligent misrepresentation claims will therefore be allowed to proceed.

### B. *Fraudulent Misrepresentation*

On the other hand, dismissal will be granted as to the fraudulent misrepresentation claim because Plaintiff has failed to provide the necessary specificity under Rule 9(b). In Maryland, to withstand a motion to dismiss a claim for fraudulent misrepresentation, a plaintiff must plausibly allege that: (1) the defendant made a false representation to the plaintiff; (2) the falsity of the representation was either known to the defendant or the representation was made with reckless indifference to its truth; (3) the misrepresentation was made for the purpose of defrauding the plaintiff; (4) the plaintiff relied on the misrepresentation and had the right to rely on it; and (5) the plaintiff suffered compensable injury as a result of the misrepresentation. *Hoffman v. Stamper*, 867 A.2d 276, 292 (Md. 2005). Additionally, under Rule 9(b), the plaintiff must specify "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Weidman*, 776 F.3d at 219 (quoting *Harrison*, 176 F.3d at 784).

Plaintiff pleads that before it contracted to purchase 45 Liner Series boats from Defendant, Defendant falsely represented that its boats are self-bailing and NMMA certified, and that these representations induced Plaintiff to enter into the contract. (Am. Compl. ¶¶ 70–78.) Plaintiff describes in general terms how Defendant made the allegedly false representations about the quality of the Liner Series "to PBW and to the public" before PBW contracted to purchase the 45 Liner Series boats. (*Id*. ¶¶ 10, 71.) However, Plaintiff fails to identify the person(s) who made these representations, or the time(s) and place(s) in which they did so. Such imprecise allegations do not satisfy Rule 9(b).

It bears noting that the Amended Complaint does specifically describe one alleged misleading communication; Plaintiff specifically alleges that Defendant "placed NMMA certification stickers on each of the Liner Series boats delivered to PBW," and thereby misled "PBW and the general public into believing that the 2020 Liner Series had, in fact, been so certified and met ABYC's standards for self-bailing boats." (Am. Compl. ¶¶ 36–37.) However, the delivery of these boats occurred only after Plaintiff had already contracted to purchase the boats from Defendant, and Plaintiff does not specify any actions it took or damages it incurred as a result of this alleged misrepresentation, instead focusing on actions taken in reliance on Defendant's alleged prior misrepresentations regarding the Liner Series' self-bailing quality. (*See id.* ¶¶ 70–78.) Pursuant to Rule 9(b), the fraudulent misrepresentation claim has therefore not been sufficiently pled, and is subject to dismissal. However, dismissal will be granted without prejudice, since the record before the Court leaves open the possibility that Plaintiff may be able to plead a cognizable claim for fraudulent misrepresentation. *See Ostrzenski v. Seigel*, 177 F.3d 245, 252–53 (4th Cir. 1999) ("A dismissal under Rule 12(b)(6) generally is not final or on the merits" unless "it appears to a certainty that plaintiff cannot state a claim.") (quoting 5A C. Wright & A. Miller, Federal Practice and Procedure § 1357 (2d ed.1990)).

### IV. Conclusion

For the foregoing reasons, an order shall enter (1) granting Defendant's motion to dismiss Plaintiff's fraudulent misrepresentation claim (Count IV) without prejudice; and (2) denying Defendant's motion to dismiss Plaintiff's other claims.

DATED this 20th day of August, 2020.

BY THE COURT:

_____/s/_____

James K. Bredar
Chief Judge